UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON H. FRIED, JR., | § | |
| for himself and all others similarly situated | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | C.A. No. ________________________ |
| | § | |
| SENSIA SALON, INC., | § | |
| a Texas Corporation | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Sensia Salon, Inc. ("Defendant"), files this notice of removal pursuant to 28 U.S.C. § 1441, *et seq.*

**INTRODUCTION**

1. Plaintiffs Milton H. Fried, Jr., for himself and all others similarly situated ("Plaintiffs") filed suit against Defendant on January 11, 2013, in the District Court of Harris County, Texas, 80th Judicial District, Case No. 2013-02154, *Milton H. Fried Jr. v. Sensia Salon, Inc*. Milton served Sensia with the Complaint and Summons on January 18, 2013 by professional civil process. Defendant thus timely files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999).

2. In their Class Action Petition for Injunction and Damages ("Petition"), Plaintiffs bring suit against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

**BASES FOR REMOVAL**

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and one that may be removed to this Court by Defendant under 28 U.S.C. § 1441 (a) and (b).

**A. Federal Question Jurisdiction**

4. This action is also removable under 28 U.S.C. §§ 1331 and 1441 because the federal courts have original jurisdiction over Plaintiffs' TCPA claims. *See Mims v. Arrow Fin. Servs., LLC.*, 132 S. Ct. 740, 753 (2012) (holding that federal courts have federal-question jurisdiction over private TCPA suits). Plaintiffs' one and only claim for relief is specifically titled "violation of 47 U.S.C. § 227," the statute reference for the TCPA, and the factual allegations within the petition are that Defendant made unsolicited commercial text calls in violation of the TCPA. *See* Petition, ¶¶ 3, 6, 11-20, 30-34 . Thus, based on the pleadings in this action, the matter is removable on its face because it asserts a claim involving a federal statute, the TCPA (47 U.S.C. § 227 *et seq.*), providing original jurisdiction to federal district courts. Consequently, this Court has original jurisdiction under 28 U.S.C. § 1331.

**NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

5. Defendant's notice of removal is procedurally correct. Defendant has not proceeded in the state court case in a manner manifesting an intention to have the case adjudicated in state court or to abandon the right to a federal forum. Defendant also has not proceeded in the state court in a manner that can be construed as seeking adjudication on the merits.

6. Plaintiffs have made a jury demand in their Petition filed in state court.

7. In accordance with Local Rule 81, this Notice of Removal is accompanied by copies of the following:

a. The executed process – **Exhibit 1;**

b. All pleadings in the case – **Exhibit 2;**

c. All orders signed by the state judge (none);

d. A copy of the docket sheet (none);

e. An index of matters being filed **– Exhibit 3;** and

f. A list of all counsel of record, including addresses, telephone numbers and parties represented – **Exhibit 4.**

8. This notice of removal is properly filed in this Court pursuant to 28 U.S.C. § 1441(a) because this District embraces the Court in which the removed action is pending, the Harris County District Court, 133rd Judicial District, Harris County, Texas.

9. A copy of this notice of removal and attachments thereto will be served on Plaintiffs and is being filed, along with a written notice of filing notice of removal with the Clerk of Harris County District Court pursuant to 28 U.S.C. § 1446(a) and (d). A true and correct copy of the notice of filing of notice of removal is attached hereto as Exhibit 5.

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

By: /s/ *Geoffrey H. Bracken*

Geoffrey H. Bracken
State Bar No. 02809750
1000 Louisiana, Suite 3400
Houston, Texas 77002
Ph: (713) 276-5739 – Fax: (713) 276-6739
E-Mail: gbracken@gardere.com

*ATTORNEY-IN-CHARGE FOR DEFENDANT SENSIA SALON, INC.*

**OF COUNSEL**

Rhonda Reed Weiner
State Bar No. 24047732
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002
Ph: (713) 276-5733 – Fax: (713) 276-6733
E-Mail: rweiner@gardere.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served this 7th day of February, 2013, via facsimile, hand delivery, federal express or registered mail, on counsel of record as follows:

Charles Clinton Hunter
Debra Brewer Hayes
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, Texas 77027
Facsimile: 713-623-8724
*ATTORNEYS FOR PLAINTIFF*

/s/ *Geoffrey H. Bracken*
Geoffrey H. Bracken