IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILTON H. FRIED, JR., <br> for himself and all others similarly situated <br><br>     Plaintiff, <br><br> v. <br><br> SENSIA SALON, INC. <br> a Texas Corporation <br><br>     Defendant. | *Case No. 4:13-cv-00312* |

**FIRST AMENDED CLASS ACTION COMPLAINT FOR
<u>INJUNCTION AND DAMAGES</u>**

    Plaintiff Milton H. Fried, Jr., brings this class action against Defendant Sensia Salon, Inc., to stop Defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE CASE**

    1.    In a recent effort to promote the sale salon and spa products and services, Sensia, a beauty salon located in Houston, Texas, engaged a mobile technology company whose identity is currently unknown, to conduct an especially pernicious form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of himself and a statewide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("47 U.S.C. § 227") and TEX. BUS. & COM. CODE § 305-053, et seq. ("TEX. BUS. & COM. CODE § 305-053") which prohibit unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Milton H. Fried, Jr., is, and all times mentioned herein was, an individual citizen and resident of the State of Texas.

6. Defendant Sensia Salon, Inc., is, and all times mentioned herein was, a Texas corporation doing business as Sensia Studio & Japanese Day Spa. It maintains its principal place of business at 1711 Post Oak Blvd., Houston, TX 77056. It may be served by delivery of process to Cynthia Christ a/ka/ Cynthia Strum at this same address. Sensia Salon, Inc., is, and all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39) and TEX. BUS. & COM. CODE § 305-053.

**JURISDICTION & VENUE**

7. The Court has jurisdiction because this class action is not subject to removal under the Class Action Fairness Act, *inter alia*, as the amount in controversy does not exceed $5,000,000, exclusive of interest and costs.

8. The Court has jurisdiction pursuant to section 305.053 of the Texas Business and Commerce Code, which provides that a private cause of action may be brought in a Texas court to redress and enjoin violations of 47 U.S.C. Section 227.

9. This Court has personal jurisdiction over the Defendant because certain of the acts alleged herein were committed in Texas and because Defendant does business in Texas.

10. Jurisdiction is proper in this Court because the amount in controversy claimed by Plaintiff exceeds the minimum jurisdictional limits of this court.

**COMMON ALLEGATIONS OF FACT**

11. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

13. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's

person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

14. Unlike more conventional advertisements, wireless spam actually costs its recipients money, because cell phone users must frequently pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

15. Over the course of an extended period prior to the commencement of this action, Defendant and its agents directed the mass transmission of wireless spam to the cell phones nationwide of what they hoped were potential customers of Defendant.

16. For instance, within the period of limitations applicable to this action but on dates currently unknown to Plaintiff, Plaintiff's cell phone indicated that a text call was received.

17. The body of such text message promoted and advertised Defendant and its products and services.

18. Upon information and belief, Defendant sent similar transmissions of wireless spam to a list of cellular telephone numbers on a mass basis.

19. At no time did Plaintiff consent to the receipt of the above-referenced message or any other such wireless spam text messages from Defendant.

20. Plaintiff was not in an "established business relationship" with Defendant. Plaintiff had not done business with Defendant in the last eighteen months, nor had he made an inquiry regarding Defendant's services or products in the three months prior to receipt of the text call.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Texas Rule of Civil Procedure 42(b)(2) and Rule 42(b)(3) on behalf of himself and a class (the "Class") defined as follows:

> All citizens of the state of Texas who received one or more text message advertisements sent on behalf of Defendant

22. The Judge, all Court personnel, the Defendant and its employees or agents, and Plaintiff's Counsel are excluded from the Class.

23. Also excluded from the Class are those persons who

   a. Consented to receive texts from Defendant, or

   b. Had an established business relationship with Defendant

24. Plaintiff, on information and belief, allege that the Class members number in the thousands, such that joinder of all members is impracticable.

25. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Plaintiff, nor his counsel, has any interest adverse to those of the other members of the Class.

26. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

27. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

28. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless spam.

29. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Does the wireless spam Defendant distributed violate 47 U.S.C. § 227?

(b) Does the wireless spam Defendant distributed violate TEX. BUS. & COM. CODE § 305-053?

(c) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

(d) Did the conduct described above violate the Class's right to privacy?

### FIRST CLAIM FOR RELIEF

**(Violation of 47 U.S.C. § 227: On behalf of the Class)**

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendant made unsolicited commercial text calls, including the messages referenced above, to the wireless telephone numbers of the Plaintiff and the Class. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able effectively to send hundreds of text messages simultaneously to lists of hundreds of wireless phone numbers of consumers without human intervention.

32. These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

33. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the Class, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such act, and an injunction to prevent further violations.

34. Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## SECOND CLAIM FOR RELIEF

**(Violation of TEX. BUS. & COM. CODE § 305-053: On behalf of the Class)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36. Defendant made unsolicited commercial text calls, including the messages referenced above, to the wireless telephone numbers of the Plaintiff and the Class. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able effectively to send hundreds of text messages simultaneously to lists of hundreds of wireless phone numbers of consumers without human intervention.

37. These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

38. Defendant has, therefore, violated 47 U.S.C. § 227. Pursuant to TEX. BUS. & COM. CODE § 305-053, any person who originates a communication in violation of 47 U.S.C. § 227, also violates TEX. BUS. & COM. CODE § 305-053. As a result of Defendant's conduct, the members of the Class under TEX. BUS. & COM. CODE § 305-053(b) are each entitled to the greater of $500.00 for each violation or the plaintiff's actual damages. Furthermore, if the Court finds that the Defendant committed the violation knowingly or intentionally, the Court may increase the amount of the award of damages to: (1) not more than the greater of $1,500.00 per violation; or (2) three times the plaintiff's actual damages. TEX. BUS. & COM. CODE § 305-053(c). Finally, TEX. BUS. & COM. CODE § 305-053(a) provides for an injunction to prevent further violations.

39. Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to TEX. BUS. & COM. CODE § 305-053(c), award Plaintiff and the putative class members additional damages.

WHEREFORE, Plaintiff Milton H. Fried, Jr., on behalf of himself and the Class, pray for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all wireless spam activities;

4. An incentive award for Plaintiff;

5. An award of reasonable attorneys' fees and costs; and

6. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that may be so tried.

Respectfully submitted,

s/Debra Brewer Hayes_____
DEBRA BREWER HAYES, Of Counsel
Fed. Id. 7443
CHARLES CLINTON HUNTER
Fed. Id. 876012
**REICH & BINSTOCK, LLP**
4265 San Felipe, Suite 1000
Houston, TX 77027
281-768-4716 Direct
713-622-7271 Main
713-623-8724 Fax
dhayes@dhayeslaw.com
chunter@rbfirm.net