IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILTON H. FRIED, JR., and RICHARD EVANS, for themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>SENSIA SALON, INC.<br>a Texas Corporation<br><br>Defendant. | Case No. 4:13-cv-00312 |

**SECOND AMENDED CLASS ACTION
COMPLAINT FOR INJUNCTION AND DAMAGES**

Plaintiff Milton H. Fried, Jr. and Richard Evans, bring this class action against Defendant Sensia Salon, Inc., to stop Defendant's practice of making unsolicited text message calls to cellular telephones and to obtain redress for all persons injured by this conduct. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

**NATURE OF THE CASE**

1. In efforts to promote the sale salon and spa products and services and to promote its trade name generally, Sensia Salon, Inc., a beauty salon located in Houston, Texas, engaged mobile technology companies including without limitation Textmunication, Inc., and Velti PLC,

to conduct an especially pernicious form of marketing: the unauthorized transmission of advertisements and other messages in the form of "text message" calls to the cellular telephones of consumers throughout Texas.

2. By effectuating these unauthorized text message calls to cellular telephones (hereinafter, "wireless spam"), Defendant has caused consumers actual harm not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiffs, on behalf of themselves and a statewide class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("47 U.S.C. § 227") and TEX. BUS. & COM. CODE § 305-053, et seq. ("TEX. BUS. & COM. CODE § 305-053"), both of which prohibit unsolicited recorded voice and text calls to cellular phones.

4. On behalf of the class, Plaintiffs seek an injunction requiring Defendant to cease all wireless spam activities and an award of multiple statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Milton H. Fried, Jr., is, and all times mentioned herein was, an individual citizen and resident of the State of Texas and a "called party" within the meaning of 47 C.F.R. § 64.1200(a)(1).

6. Plaintiff Richard Evans is, and all times mentioned herein was, an individual citizen and resident of the State of Texas and a "called party" within the meaning of 47 C.F.R. § 64.1200(a)(1).

7. Defendant Sensia Salon, Inc., ("Sensia") is and all times mentioned herein was a Texas corporation doing business as Sensia Studio & Japanese Day Spa. It maintains its principal place of business at 1711 Post Oak Blvd., Houston, TX 77056. It has been served with process and has appeared in this action.

## JURISDICTION & VENUE

8. The Court has jurisdiction because this class action was removed here by Defendant, and Plaintiffs did not oppose removal.

9. The Court also has jurisdiction pursuant to section 305.053 of the Texas Business and Commerce Code, which provides that a private cause of action may be brought in a Texas court to redress and enjoin violations of 47 U.S.C. Section 227.

10. This Court has personal jurisdiction over the Defendant because certain of the acts alleged herein were committed in Texas and because Defendant does business in Texas.

11. Jurisdiction is proper in this Court because the amount in controversy claimed by Plaintiff exceeds the minimum jurisdictional limits of this court.

## COMMON ALLEGATIONS OF FACT

12. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, which are usually limited to 160 characters.

14. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device by a cellular telephone service. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

15. Unlike more conventional advertisements, wireless spam actually costs its recipients money, because cell phone users must pay their cellular telephone service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

16. Over the course of an extended period prior to the commencement of this action, Defendant and its agents directed the mass transmission of wireless spam to the cell phones of the proposed Class of persons they hoped were potential customers of Defendant.

17. For instance, within the period of limitations applicable to this action but on dates currently unknown to Plaintiffs, Plaintiffs' cell phones indicated that text calls were received from Defendant.

18. Upon information and belief, Defendant sent similar transmissions of wireless spam to a list of cellular telephone numbers on a mass basis. Indeed, a contract executed between Defendant and Textmunication, Inc., on or about February 2, 2012, calls for 8000 outbound SMS messages to be sent each month on Defendant's behalf.

19. At no time did Plaintiffs or members of the proposed Class consent to the receipt of any other wireless spam text messages from Defendant.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and a class (the "Class") defined as follows:

> All citizens of the state of Texas who received one or more text messages on their cellular telephones sent by Defendant or on its behalf

21. The Judge, all Court personnel, the Defendant and its employees or agents, and Plaintiffs' Counsel are excluded from the Class.

22. Also excluded from the Class are those persons who expressly consented to receive text messages on their cellular telephones from Defendant.

23. Plaintiffs, on information and belief, allege that the Class members number in the thousands, such that joinder of all members is impracticable.

24. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiffs, nor their counsel, have any interest adverse to those of the other members of the Class.

25. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and it promotes consistency of adjudication.

26. Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class in transmitting the wireless spam at issue, requiring

the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

27. The factual and legal bases of Defendant's liability to Plaintiffs and to the other members of the Class are the same, resulting in injury to Plaintiffs and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiffs and the other Class members have all suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

28. There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

(a) Does the wireless spam Defendant distributed violate 47 U.S.C. § 227?

(b) Does the wireless spam Defendant distributed violate TEX. BUS. & COM. CODE § 305-053?

(c) Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

## FIRST CLAIM FOR RELIEF

### (Violation of 47 U.S.C. § 227: On behalf of the Class)

29. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

30. Defendant made unsolicited commercial text message calls, including the messages referenced above, to the telephone numbers assigned to Plaintiffs and members of the Class by cellular telephone service providers. Each such text message call was made using

equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able effectively to send hundreds of text messages simultaneously to lists of hundreds of wireless cellular phone numbers of consumers without human intervention.

31. These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiffs and the other members of the Class to receive such wireless spam.

32. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, the members of the Class, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such act, and an injunction to prevent further violations.

33. Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Class.

## SECOND CLAIM FOR RELIEF

**(Violation of TEX. BUS. & COM. CODE § 305-053: On behalf of the Class)**

34. Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

35. Defendant made unsolicited commercial text calls, including the messages referenced above, to the wireless cellular telephone numbers of the Plaintiffs and the Class. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential

number generator. By using such equipment, Defendant was able effectively to send hundreds of text messages simultaneously to lists of hundreds of wireless cellular telephone numbers of consumers without human intervention.

36. These text calls were made en masse through the use of a short code and without the prior express consent of the Plaintiffs and the other members of the Class to receive such wireless spam.

37. Defendant has, therefore, violated 47 U.S.C. § 227. Pursuant to TEX. BUS. & COM. CODE § 305-053, any person who originates a communication in violation of 47 U.S.C. § 227, also violates TEX. BUS. & COM. CODE § 305-053. As a result of Defendant's conduct, the members of the Class under TEX. BUS. & COM. CODE § 305-053(b) are each entitled to the greater of $500.00 for each violation or the plaintiff's actual damages. Furthermore, if the Court finds that the Defendant committed the violation knowingly or intentionally, the Court may increase the amount of the award of damages to: (1) not more than the greater of $1,500.00 per violation; or (2) three times the plaintiff's actual damages. TEX. BUS. & COM. CODE § 305-053(c). Finally, TEX. BUS. & COM. CODE § 305-053(a) provides for an injunction to prevent further violations.

38. Because Defendant had knowledge that Plaintiffs and the Class did not expressly consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to TEX. BUS. & COM. CODE § 305-053(c), award Plaintiffs and the putative class members additional damages.

WHEREFORE, Plaintiffs Milton H. Fried, Jr., and Richard Evans, on behalf of themselves and the Class, pray for the following relief:

1. An order certifying the Class as defined above;

2. An award of actual or statutory damages;

3. An injunction requiring Defendants to cease all wireless spam activities;

4. An incentive award for Plaintiffs;

5. An award of reasonable attorneys' fees and costs; and

6. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that may be so tried.

Respectfully submitted,

s/Debra Brewer Hayes_____
DEBRA BREWER HAYES, Of Counsel
Fed. Id. 7443
CHARLES CLINTON HUNTER
Fed. Id. 876012
**REICH & BINSTOCK, LLP**
4265 San Felipe, Suite 1000
Houston, TX 77027
281-768-4716 Direct
713-622-7271 Main
713-623-8724 Fax
dhayes@dhayeslaw.com
chunter@rbfirm.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was filed via the Court's CM/ECF electronic filing system which will send an electronic notice to:

Geoffrey Bracken
Gardere Wynne Sewell LLP
1000 Louisiana, Ste. 3400
Houston, TX  77002

Rhonda Reed Weiner
Gardere Wynne Sewell LLP
1000 Louisiana, Ste. 3400
Houston, TX  77002

Attorneys for Defendant

On this 20th day of May, 2013.

Charles Clinton Hunter
E-mail:  chunter@rbfirm.net