# Reich & Binstock, LLP

A Partnership Including Professional Corporations

## Attorneys & Counselors at Law
* Board Certified Personal Injury Trial Law Texas Board of Legal Specialization

**Dennis C. Reich**\*
Admitted to State Bar of California and New York

**Robert J. Binstock**\*
Board Certified Civil Trial Advocacy National Board of Trial Advocacy

Shari A. Wright ⬥ Charles C. Hunter ⬥ Eric O'Steen ⬥ Debra Brewer Hayes, of Counsel ⬥ Ross M. Robin, of Counsel

June 10, 2013

HONORABLE NANCY F. ATLAS
United States Courthouse
515 Rusk Street, Room 9015
Houston, Texas 77002-2601

**RE: Case No. 4:13-cv-00312,** *Fried v. Sensia Salon, Inc.*

Your Honor:

      Plaintiffs Milton H. Fried, Jr., and Richard Evans ask the Court to compel Defendant to file adequate responses to Plaintiffs' requests for production of class-related materials. Based on meritless objections, Defendant has refused to produce any materials other than those related to Plaintiff Fried. Plaintiffs move to compel production of class-wide materials so they may prepare for the pretrial conference on class issues set for July 10, 2013, and also so they may verify any claims made by Defendant's Rule 30(b)(6) designee(s) in a deposition set for June 20, 2013. Indeed, absent the materials sought in this motion, Plaintiffs will not be able to prepare adequately for this deposition and ask the Court to order the witness(es) to sit again for deposition to answer questions related to the unproduced materials if they are not produced prior to the deposition

.

TEXAS - NEW YORK - CALIFORNIA
Toll Free: 1.800.622.7271
www.ReichandBinstock.com
Local: 713.622.7271

Principal Office:
4265 San Felipe, Suite 1000
Houston, Texas 77027
Fax: 713.623.8724

Case 4:13-cv-00312   Document 21   Filed in TXSD on 06/10/13   Page 2 of 6

Letter to Judge Nancy F. Atlas
Re: Case No. 4:13-cv-00312, *Fried v. Sensia Salon, Inc.* – Discovery Dispute
June 10, 2013
Page 2

A. Introduction

Plaintiffs are Milton H. Fried, Jr., and Richard Evans, customers of Defendant who received unsolicited text messages from Defendant on their cell phones and who did not consent to receive such messages. Defendant is a beauty salon and spa operating in Houston, Texas, who on February 2, 2012, contracted with Textmunications, Inc., a third-party messaging service provider, for 8000 SMS text messages to be transmitted to its customers each month.

Plaintiffs sued Defendant for violations of the Telephone Consumer Protection Act based on allegations that a class of recipients of Defendant's messages did not solicit the messages. Defendants claim that they had the consent of the recipients. Defendant's Answer (Doc. #4) ¶38.

On April 23, 2013, Plaintiffs served a request for production on Defendant. The request sought documents, electronically stored information, and tangible things ("materials") that refer, relate or evidence the follow matters, among others:

- **Request 10:** "evidencing consent to receive texts from Defendant given by Plaintiff or any of the putative class members during the class period."

- **Request 20:** "materials regarding the number of text messages sent by Defendant to the Plaintiff and the putative class during the class period."

- **Request 22:** "materials regarding how the Defendant obtained the cell phone numbers [of] the Plaintiff and the putative class during the class period."

TEXAS  -  NEW YORK  -  CALIFORNIA
Toll Free:  1.800.622.7271
www.ReichandBinstock.com
Local:  713.622.7271

Principal Office:
4265 San Felipe, Suite 1000
Houston, Texas  77027
Fax:  713.623.8724

Letter to Judge Nancy F. Atlas
Re: Case No. 4:13-cv-00312, *Fried v. Sensia Salon, Inc.* – Discovery Dispute
June 10, 2013
Page 3



- **Request 32:**[1] "materials regarding the SMS or text messages you sent to anyone at any time during the class period…. Please include without limitation the name of the recipient, the date of transmission of the message, the content of the message, the recipient's phone number, the address of the recipient, the email address of the recipient, and evidence of the recipient's consent to receive the message."

To each of these requests, Defendant interposed the following specific[2] objection:

> *Defendant objects to this request for production as premature because it requests information that will not be known until after additional discovery is completed and Plaintiff has properly certified a class.*
>
> *Subject to and without waiving the foregoing objections or the General Objections, to the extent this request relates to Plaintiff, documents responsive to this request are being produced herewith.*

This objection to producing class materials as "premature" and offer to produce such materials as they relate to Mr. Fried's relationship with Defendant was interposed to many more requests for information than these four requests. Plaintiffs seek an order that their document requests are not premature and that class-wide production is appropriate at this time.

Plaintiffs file this amended letter brief to bring an additional request to the Court's attention.

- **Request 29:** "materials regarding any changes to the Defendant's texting program which allowed the recipients to "stop" the receipt of the texts during the class period."

To this request, Defendant made the following objection:

---

[1] This request is contained in a second set of requests for production to which Defendant's response is due no

[2] Defendant also stated 13 general objections to Plaintiff's definitions and instructions and incorporated those objections by reference into each specific objection.

Case 4:13-cv-00312   Document 21   Filed in TXSD on 06/10/13   Page 4 of 6

Letter to Judge Nancy F. Atlas
Re: Case No. 4:13-cv-00312, *Fried v. Sensia Salon, Inc.* – Discovery Dispute
June 10, 2013
Page 4

> *Defendant objects to this request as vague and ambiguous, overly broad, and unduly burdensome. Defendant further objects to this request to the extent it purports to establish that any change was required to allow recipients to "stop" the receipt of texts or that there was a "texting program."*
>
> *Subject to and without waiving the foregoing objections or the General Objections, to the extent this request relates to Plaintiff, documents responsive to this request that demonstrate recipients were allowed to "stop" the receipt of texts are being produced herewith.*

The documents produced with Defendant's responses consisted of 9 pages of contracts with Textmunications and 6 pages of documents related to

- Plaintiff Fried's purchase of a gift certificate for his wife from Defendant on May 26, 2008;
- Mrs. Fried's service history at Defendant (3 visits);and
- the SMS messages sent to Mr. Fried's cell phone in December 2012 and January 2013.

The contracts produced by defendant discuss the STOP opt-out feature and recite that Defendant agrees not to send unsolicited text messages to persons who have not consent to their receipt. The documents Defendant produced relative to Mr. Fried appear to indicate that he received three messages each with the STOP opt-out notice.

However, no documents relative to the issues of class certification were produced despite the fact that this discovery period and Plaintiffs' requests concern class certification. For example, Defendant has produced no information about the number of persons who typed "STOP" when they received the first or subsequent text messages. Obviously, this parameter bears on the issue of consent. Defendant's objection that class materials are

TEXAS  -  NEW YORK  -  CALIFORNIA
Toll Free: 1.800.622.7271
www.ReichandBinstock.com
Local: 713.622.7271

Principal Office:
4265 San Felipe, Suite 1000
Houston, Texas  77027
Fax: 713.623.8724

Case 4:13-cv-00312   Document 21   Filed in TXSD on 06/10/13   Page 5 of 6

Letter to Judge Nancy F. Atlas
Re: Case No. 4:13-cv-00312, *Fried v. Sensia Salon, Inc.* – Discovery Dispute
June 10, 2013
Page 5

"premature" at this stage of the case is ridiculous as such information is vital to Plaintiffs' proof that class treatment is appropriate under Rule 23.

On May 31, 2013, Plaintiffs conferred with Defendant in a good-faith effort to resolve the dispute without court action, as required by Federal Rule of Civil Procedure 37(a)(1). Counsel present on the conference call were Debra Brewer Hayes, Charles Clinton Hunter and Jessica Glatzer Mason. During the conference, the parties discussed Defendant's objection to producing materials relative to class parameters, consent, and the manner in which Defendant obtained the cell phone numbers of Plaintiffs and class members. Defendant offered that the upcoming deposition of its Rule 30(b)(6) designee would reveal such information and held fast to its objection that the production of class-wide materials was "premature."

Subsequently Plaintiffs requested via email a copy of Defendant's customer database and its SMS database so that Plaintiffs could determine whether the two were coextensive or whether some selection process had been made, e.g., culling from the customer database those persons whose consent to SMS text messages had not been obtained. Defendant also asked for a statistically significant random sample of the SMS database so that Plaintiffs could canvass the sample to determine whether a statistically significant number of these clients consented or did not consent to the SMS text messages that they received. Defendant denied both requests although they clearly are within the requests for production propounded by Plaintiffs.

Plaintiffs ask the Court to compel Defendant to produce responsive materials on a class-wide basis. Plaintiffs are entitled to receive—before the deposition of Defendant's

TEXAS  -  NEW YORK  -  CALIFORNIA
Toll Free: 1.800.622.7271
www.ReichandBinstock.com
Local: 713.622.7271

Principal Office:
4265 San Felipe, Suite 1000
Houston, Texas  77027
Fax: 713.623.8724

designee—materials about the method, if any, Defendant used to obtain the consent of its clients and others to receive SMS text messages, the number of texts sent to these persons, the recipients' identities and contact information, and the method(s) by which Defendant gathered their phone numbers. Plaintiffs need these materials, so they can question Defendant's designee about them and report to the Court about the viability of class certification.

Moreover, the materials produced about Plaintiff Fried are incomplete. Nowhere in the 6 pages of Mr. Fried's materials does his cell phone number appear in Defendant's business records. Defendant states in its responses that it did not purchase any mailing list, call list, or database. Response to Request for Production 31. Clearly, Mr. Fried's cell phone number exists somewhere in Defendant's records, and Plaintiffs are entitled to obtain a copy of it in whichever form it exists.

Because Defendant's objections are improper and its production is incomplete, Plaintiffs respectfully ask the court to compel Defendant to respond properly and completely to Plaintiffs' requests for production.

              Sincerely,

              **REICH & BINSTOCK, LLP**

              Charles Clinton Hunter
              Counsel for Plaintiffs

TEXAS - NEW YORK - CALIFORNIA
Toll Free: 1.800.622.7271
www.ReichandBinstock.com
Local: 713.622.7271

Principal Office:
4265 San Felipe, Suite 1000
Houston, Texas 77027
Fax: 713.623.8724